City of Belleville v. I. & St. L. R. R. Co.

### FINDING OF FACTS.

---

### City of Belleville v. I. & St. L. R. R. Co. et al.

1. *Appeal—Franchise Involved.*—A bill in chancery praying that in case the defendant, a railroad company, had conveyed its property to a consolidated company, which was shown to be the case, then, that such deed, on the hearing, be set aside, involves a franchise and therefore no appeal lies to this court.

2. *Railroads—Consolidations—Franchise.*—Where it appears that from the time the articles of consolidation are filed with the Secretary of

State, a railroad company has been, in form and as a matter of fact, a component part of the consolidated company, and has been in constant operation as a corporation, the effect of the articles of consolidation is, if authorized, to create a new corporation *de jure*. If the incorporation is irregular, it becomes a corporation *de facto*. In either view a franchise is involved.

**Memorandum.**—Bill for injunction and relief. Appeal from a decree of dismissal rendered by the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Circuit Judge, presiding. Heard in this court at the February term, A. D. 1892, and dismissed for want of jurisdiction. Opinion filed September 8, 1893.

The opinion of the court states the case.

E. L. THOMAS and JAMES M. HAY, attorneys for appellant.

APPELLEES' BRIEF G. & G. A. KOERNER, ATTORNEYS.

This cause involves a franchise, and nothing else. The prayer of the bill is that the consolidation of the Illinois & St. Louis Railroad & Coal Company with the Louisville & Evansville & St. Louis Railroad, and other railroad companies, be restrained, or, if effected, be set aside. Should this prayer in either form be granted, the Louisville, Evansville & St. Louis Consolidated Railroad Company, which for some two years now has operated and is operating a railroad line from St. Louis and Louisville, will have no franchise, no existence.

The statute creating this court has withheld from it jurisdiction in cases involving franchises. Appeals in such cases go to the Supreme Court direct. Therefore, the appeal, it seems clear, should be dismissed for want of jurisdiction. It is not requisite that a formal motion to that effect should be made. Whenever in the course of litigation it appears that the court, where a cause is pending, has no jurisdiction, the court will refuse to proceed. Rev. Stat. Ch. 37, Sec. 28; Practice Act, Sec. 89 (Starr & Curtis); Coal, etc. Co. v. Edwards, 103 Ill. 476.

OPINION OF THE COURT, SAMPLE, J.

The appellant being the alleged owner of $25,000 of stock

in the company of appellee, the same having been subscribed in the year 1870, filed its bill to enjoin the consolidation of appellee's road with three other certain railroads, making appellee the only party defendant. The article of consolidation was signed by the respective railroad companies before the bill was filed in the Circuit Court, at which time, however, the article had not been filed with the Secretary of State as provided by law. It was filed there the next day after the filing of the bill.

No writ of injunction was granted and none applied for so far as disclosed by this record.

The bill prayed that in case the appellee had conveyed its property to the consolidated company, then such deed, on the hearing, should be set aside.

On hearing, the bill was dismissed and this appeal taken.

The facts relating to the merits of this controversy have not been stated, for the reason the point is made by appellee that a franchise is involved, and therefore this court can not take jurisdiction.

It appears that, from the 22d day of May, 1889, when the article of consolidation was filed with the Secretary of State, the appellee has been in form, and as a matter of fact, a component part of the Louisville, Evansville and St. Louis Consolidated Railroad Company, the name taken by said roads after such consolidation, which road has been in constant operation as a corporation.

The effect of the article of consolidation was, if authorized, to create a new corporation *de jure.* O. & M. R. R. Co. v. People, etc., 123 Ill. 467.

If the incorporation was irregular under the proof, it became a corporation *de facto.* In either view, it seems to us a franchise is involved. The necessary result of sustaining the bill is to destroy the corporate, or assumed corporate existence of the Louisville, Evansville and St. Louis Consolidated Railroad Company, and without its being made a party defendant. Not being a party defendant, it was not affected by the filing of the bill, before the filing of the article of consolidation; neither was the appellee affected thereby, so far as its merger into said corporation

is concerned, for the reason that the conveyance to such consolidated company was made before the bill was filed, and as to it, or any action it could take, the consolidation had been consummated. For the reason stated, the appeal is dismissed with leave to appellant, if desired, to withdraw record, abstracts and briefs, from the files.